**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50315 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00346-SJO-1 |
| v. | |
| THOMAS R. JENNINGS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50325 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00346-SJO-2 |
| v. | |
| DAVID J. FEUERBORN, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted February 4, 2013[**]
Pasadena, California

Before: O'SCANNLAIN, TROTT, and CLIFTON, Circuit Judges.

Defendants Thomas Jennings and David Feuerborn appeal their convictions for tax fraud.[1] We affirm.

The district court denied Defendants' motion to suppress, which they filed on the first day of trial. The district court's standing order required that any such motion be filed thirty-five days before trial, so Defendants waived that issue. *See* Fed. R. Crim. P. 12(e). Defendants did not establish good cause to excuse the waiver. *Id.*

Defendants allege that the Government withheld or destroyed certain evidence. The district court found that all discovery had been turned over to Defendants in a timely manner. Defendants point to no relevant information or evidence that was different from the evidence they possessed. Thus, their claim fails. *See California v. Trombetta*, 467 U.S. 479, 489 (1984) (requiring defendants

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] We address separately, in a contemporaneously filed opinion, Defendants' challenge to their sentence based on the sentencing enhancement applied under section 2T1.1(b)(2) of the federal Sentencing Guidelines for use of "sophisticated means."

to demonstrate the inability to obtain similar evidence by reasonably available means).

Defendants allege that there was insufficient evidence to support their convictions. Willfulness may be inferred from circumstantial evidence of fraudulent intent. *United States v. Dearing*, 504 F.3d 897, 901 (9th Cir. 2007). A rational juror could have concluded that Defendants intentionally concealed income, so the evidence was sufficient to support the verdict. *United States v. Nevils*, 598 F.3d 1158, 1169 (9th Cir. 2010) (en banc).

The district court did not abuse its discretion when it permitted Defendants' pictures to be shown to the jury. Defendants' facial expressions and the context of the photos did not render the photographs prejudicial. *See United States v. Terry*, 760 F.2d 939, 944 (9th Cir. 1985) (affirming the admission of mug shots that contained no identification numbers).

Feuerborn attempted to admit into evidence tax returns he filed after he had been indicted. The district court did not abuse its discretion in excluding those returns from evidence. *See United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir. 2004) (excluding similar evidence).

There was no evidence that the Government destroyed any computers, so there was no relevance to Defendants' proffered expert witness. The district court

3

was within its discretion to exclude the testimony of Defendants' proffered expert. *See* Fed. R. Evid. 401, 402.

The district court did not abuse its discretion in the response to the jury's question regarding the disclosure of loans on tax returns, and it did not err in its statement of the law. If the purported loans were not bona fide, the money received was taxable income. *See Milenbach v. Comm'r*, 318 F.3d 924, 930 (9th Cir. 2003) (noting that a loan is not income because it is offset by an obligation to repay).

**AFFIRMED**.